# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1237V
Filed: August 4, 2016
TO BE PUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ARLEN E. TWERDOK, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*    Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*    Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Laurie C. TeWinkle*, Law Offices of L.C. TeWinkle, LLC, Erie, PA, for petitioner.
*Julia W. McInerny*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 29, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a vaccine-related injury described as a shoulder injury related to vaccine administration ("SIRVA") resulting from the influenza ("flu") vaccine she received on January 9, 2013. Petition at ¶¶ 6, 11, 15. On December 30, 2015, the undersigned issued a decision awarding $70,000.00 in compensation to petitioner based on the parties' stipulation. (ECF No. 23).

On March 23, 2016, petitioner filed a motion requesting $26,261.20 in attorneys' fees and costs. Motion for Petitioner Counsel Costs and Attorney Fees ("Pet. Motion"),

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed Mar. 23, 2016, at ¶ 3 (ECF No. 35).  In compliance with General Order #9, petitioner filed an affidavit indicating she incurred no out-of-pocket expenses.[3]  For the reasons discussed below, the undersigned reduces this amount and awards **$14,505.00** in attorneys' fees and **$1,013.23** in attorneys' costs for a total of **$15,518.23** in attorneys' fees and costs.

## I.     Procedural History

Along with her petition, petitioner filed some of the required medical records.  *See* Exhibits 1-8, filed Dec. 29, 2014 (ECF No. 1).  She filed an amended exhibit list and statement of completion on January 9, 2015.  (ECF Nos. 6-7).  A telephonic status conference was held with the parties and the OSM staff attorney managing this SPU case on February 4, 2015.

During the call, the parties discussed the lack of medical records showing petitioner suffered the residual effects of her injury for more than six months.  *See* Order, issued Feb. 6, 2015 (ECF 13); *see also* §11(c)(1)(D)(i) (the Vaccine Act's statutory six month requirement).  Over the subsequent five months, petitioner filed an affidavit and additional medical records to establish she met the statutory six month requirement.  *See* Exhibit 9, re-filed correctly on Feb 5. 2015 (ECF No. 11); Affidavit and Medical Records, filed May 22, 2015 (ECF No. 17).  On July 10, 2015, respondent filed a status report indicating she wished to pursue a litigative risk settlement in this case.  (ECF No. 19).

Two months later, respondent's counsel informed the OSM staff attorney that the parties had agreed upon a settlement amount.  *See* 15-Week Stipulation Order, filed Sept. 17, 2015 (ECF No. 27).  The stipulation was filed on December 29, 2015.  (ECF No. 29). The undersigned issued a decision, based on the parties' stipulation, that same day.  (ECF No. 30).  Petitioner was awarded compensation in the amount of $70,000.00.

Approximately three months later, petitioner filed her motion for attorneys' fees and costs.  Respondent filed a response on April 11, 2016, and petitioner chose not to file a reply by the April 21, 2016 deadline.  The issue is now ripe for adjudication.

## II.    Petitioner's Motion for Attorneys' Fees and Costs

In her motion, petitioner seeks attorneys' fees and costs in the amount of $26,161.20 "which reflects an hourly rate of $350.00 per hour [for petitioner's counsel, Laurie C. Tewinkle], plus costs incurred."  Pet. Motion at ¶ 3.  Nine days prior to filing the motion, petitioner filed additional documentation, consisting of an affidavit from

---

[3] Petitioner filed this affidavit as part of her petition.  (ECF No. 1).  Petitioner's counsel referenced this affidavit when she filed her own affidavit in support of petitioner's motion for attorneys' fees and costs.  (ECF No. 34).

petitioner's counsel, billing records, portions of the U.S. Consumer Law Attorney Fee Survey Report for 2013-14 ("Consumer Law Report"), and an affidavit from another attorney, Eric J. Purchase, who also practices in Erie, Pennsylvania.  (ECF No. 34).[4]

In her affidavit, petitioner's counsel indicates she graduated from law school in 1992 and was admitted to the New York state bar in 1992.  Affidavit in Support of Attorneys' Fees ("Pet. Counsel's Affidavit") at ¶¶ 2-3.  Currently located in Erie, Pennsylvania, she has practiced in several areas of law and began "handling complex litigation including patient medical errors and bad faith claims" in 2000.  *Id.* at ¶ 8.  "For litigation matters, [she] charge[s] $275.00 per hour, with the payment of a retainer, cost payment and monthly billing" (*id.* at ¶ 14) but is seeking a rate of $350.00 per hour in this case (*id.* at ¶ 17).  While admitting that her bill includes time for research, petitioner's counsel argues the research was necessary to determine whether a shoulder injury caused by the actions of the pharmacist administering the vaccination, rather than the vaccine itself, is covered under the Vaccine Act.  *Id.* at ¶ 21.

In her response, respondent includes the standard language seen in many of her recent responses to requests for attorneys' fees and costs, asserting that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs."  Respondent's Response to Petitioner's Application for Attorneys' Fees and Costs ("Res. Response"), filed Apr. 11, 2016 (ECF No. 36).  Respondent volunteers, however, that she "is satisfied the statutory and other legal requirements for an award of attorneys' fees and costs are met."  *Id.* at 2 (citation omitted).

Regarding the specific amounts requested by petitioner, respondent asserts that she "no longer has sufficient resources to provide detailed objections to requests for attorneys' fees and costs, which [she] previously provided as a courtesy to the Court."  *Id.* at 3 n.1.  Nonetheless, she argues that the motion in this case "raises certain legal issues, which are not within the special master's discretion to award."  *Id.* at 3.

Respondent maintains that a portion of the time billed by petitioner's counsel (19.8 hours) was spent on work more appropriately attributed to petitioner's previous civil claim,[5] and thus, petitioner may not be compensated for those fees.  *Id.* at 3-4 (citing §15(e)(2); *Stewart v. Sec'y, HHS*, No. 06-287V, 2008 WL 5024924, at *3-4 (Fed. Cl. Spec. Mstr. Oct. 23, 2008)).  Respondent implies that the increased rate petitioner's counsel requests for this case, $75.00 above her usual rate of $275.00 per hour, is not warranted.  *Id.* at 4 n.4.  Moreover, she claims the overall hours sought by petitioner's counsel "exceed what was reasonable or necessary to represent petitioner in this case."

---

[4] This filing on March 14, 2016 was titled "Additional Documentation".  The main document filed was the affidavit from petitioner's counsel.  The other items were filed as attachments to the affidavit.  In subsequent citations, the affidavit will be cited by its title and other items will be cited as attachments to the affidavit.

[5] Petitioner initially filed a civil action in state court which was dismissed prior to filing the petition in this case.  Pet. Counsel's Affidavit at ¶¶ 22-23.

*Id.* at 4, 4 n.5.  Rather, she asserts the attorneys' fees and costs for this case should be between $11,000.00 and $14,000.00.  *Id.* at 5 (citing multiple cases, *id.* at 5 n.7).  Finally, respondent notes that, by petitioner's own admission, several of the receipts for her attorneys' costs are missing.  *Id.* at 5 n.6.

### III.     Legal Standard for Determining the Amount of Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of <u>reasonable</u> attorneys' fees and costs.  § 15(e)(1) (emphasis added).  As the Federal Circuit noted, these fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377).

Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate.  *Avera*, 515 F.3d at 1349.  If these two requirements are met, the *Davis* exception applies, and that petitioner's counsel is paid according to the local rate.  *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  *Masias v. Sec'y of Health & Human Servs.*, No. 99-697, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed.  *Saxton*, 3 F.3d at 1521.  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson*, 24 Cl. Ct. at 484.  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a

fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### IV.     Analysis

#### A. Hourly Rate Requested for Petitioner's Counsel

Petitioner's counsel has been practicing law for approximately 24 years.  Pet. Counsel's Affidavit at ¶¶ 1-4.  Her practice is in Erie, Pennsylvania, a city by Lake Erie, approximately half way between Buffalo, New York and Cleveland, Ohio.[6]

The undersigned recently awarded the hourly rate sought by petitioner's counsel ($350.00) to another attorney with similar experience located in Hershey, Pennsylvania.[7]  *See J.B. v. Sec'y of Health & Human Servs.*, No. 15-67V, 2016 WL 4046871, at *5 (Fed. Cl. Spec. Mstr. July 8, 2016).  After comparing the forum hourly rate for that attorney using the range set forth in a recent decision from one of my colleagues, *McCulloch*[8] and the appropriate local hourly rate according to a recent middle Pennsylvania decision, *Overly*[9], the undersigned found that the local rate for Hershey, Pennsylvania was very significantly lower than the forum rate, and thus, the *Davis* exception applied.  The attorney in that case requested an hourly rate of $375.00 per hour, and the undersigned determined a reasonable local rate would be $350.00 per hour.  Noting that $350.00 was slightly higher than the local rate set forth in *Overly* for an attorney with the same level of experience, the undersigned found the higher amount was warranted due to counsel's exemplary work and the lack of an objection from respondent.  *Id.*

Like the attorney in *J.B.*, the work of petitioner's counsel in this case was exemplary.  She litigated this claim in an efficient and thorough manner, obtaining a successful outcome for her client.[10]

---

[6]  Erie is approximately one hour and forty minutes from either city. www.mapquest.com (last visited on July 25, 2016).  It is located more than 2 hours from Pittsburgh, Pennsylvania.  *Id.*

[7] Hershey, Pennsylvania is in the middle of the state, a little more than five hours from Erie. www.mapquest.com (last visited on July 25, 2016).  It is approximately one hour and forty minutes from Philadelphia, Pennsylvania.  *Id.*

[8] *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Special Master Gowen found that a reasonable forum rate for Vaccine Program cases is $350.00-$425.00 per hour for attorneys with 20 or more years of experience.

[9] *Overly v. Global Credit & Collection Corp, Inc.*, No. 10-cv-2392, 2011 WL 2651807, at *4 (M.D. PA. 2011).  The undersigned determined that under *Overly*, an appropriate local rate for an attorney with more than 20 years of experience, adjusted upward to reflect today's dollars, would be $319.10.

[10] The amount awarded in this case, $70,000.00, is much lower than the amount awarded in *J.B.*, $1,500,000.00.  *Compare Twerdok v. Sec'y of Health & Human Servs.*, No. 14-1237V, 2015 WL 10766958 (Fed. Cl. Spec. Mstr. Dec. 30, 2015) *with J.B. v. Sec'y of Health & Human Servs.*, No. 15-67V,

Although the undersigned credits respondent's criticisms of the Consumer Law Report which is based upon a survey of attorneys practicing primarily in the areas of consumer law and bankruptcy, she finds this document to be helpful when determining the appropriate hourly rate for petitioner's counsel.  The report shows that the rates in Erie, Pennsylvania are similar to those for Hershey, Pennsylvania (where the attorneys in *J.B.* are located).  *See* 2nd Attachment to Pet. Counsel's Affidavit at 9-10.  The undersigned can see no reason why petitioner's counsel should not be awarded the same rate as the lead counsel in *J.B.*

According to his affidavit, Eric J. Purchase, another attorney in Erie, Pennsylvania with similar years of experience, charges either $310.00 or $375.00 for his injury and medical malpractice work.  3rd Attachment to Pet. Counsel's Affidavit at ¶ 6.b-c.[11]  Less helpful is the reference in petitioner's counsel's affidavit to an award of attorneys' fees and costs at an hourly rate of $350.00, resulting in a total amount greater than $24,000.00, given to attorney James Moyles in a vaccine case.  Pet. Counsel's Affidavit at ¶ 18.c.  The only award to James Moyles in the Vaccine Program was for $21,938.17.  *See Ebright v. Sec'y of Health & Human Servs.*, No. 14-662V, 2015 WL 720742 (Fed. Cl. Spec. Mstr. Jan. 26, 2015).  Because the award was based on an overall stipulated amount, it is not possible to ascertain the exact hourly rate awarded.

Respondent discusses the significant difference between the usual hourly rate charged by petitioner's counsel and the hourly rate sought in this case and criticizes the supporting documentation submitted by petitioner's counsel.  *See* Res. Response at 4 n.4.  However, she does not directly state that she objects to the rate sought.[12]

Based upon the documentation submitted by petitioner, the lack of a clear objection from respondent, and the undersigned's recent decision in *J.B.*, the undersigned finds the hourly rate requested by petitioner's counsel, $350.00, to be reasonable.  As explained in further detail in the next section, the undersigned is, however, reducing the number of hours to be compensated and will compensate work which could be performed by a paralegal at a lower rate.

---

2016 WL 1629357 (Fed. Cl. Spec. Mstr. Feb. 12, 2016).  This difference, however, is due to the differences in the specific facts of the two cases and not to the performance of counsel.  Moreover, the award in *J.B.* was unusually high and not indicative of the amount commonly awarded in SIRVA cases.

[11] Mr. Purchase sometimes charges a lower rate of $290.00 but that is reserved for family, friends, charities, municipalities, other attorneys, and exceptional clients.  3rd Attachment to Pet. Counsel's Affidavit at ¶ 6.a.

[12] Although not binding on either respondent or the undersigned, petitioner's counsel was recently awarded attorneys' fees based upon an hourly rate of $350.00 in another vaccine case.  *See Smith v. Sec'y of Health & Human Servs.*, No. 15-1379V, 2016 WL 3704925 (Fed. Cl. Spec. Mstr. June 2, 2016).  Respondent specifically indicated she did not oppose the award in that case, but the total amount awarded was much lower, $5,849.91.

### B. Reasonableness of Amount of Hours Requested

#### 1. Research Regarding Civil Suit

Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." § 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6.

Petitioner's counsel billed a total of 10 hours for research related to a civil suit against Rite Aid. 1st Attachment to Pet. Counsel's Affidavit. For example, on April 19, 2013, counsel spent 2 hours researching the "statutory authority" and "standard of care for pharmacists giving a shot." *Id.* at 2. Counsel also spent time researching the history and licensing for the Rite Aid pharmacist who administered petitioner's vaccination. *Id.* Additionally, the invoices submitted include numerous entries regarding written and verbal communications between petitioner's counsel and the Rite Aid adjustor or counsel. *E.g., id.* at 5. None of this time was reasonable or necessary to pursue petitioner's vaccine claim, and therefore, it will not be compensated.

Included in this category of deductions are a few entries, dated May 5, 2015, where the relationship to petitioner's civil suit is questionable. *Id.* at 4. These entries reference a "COM expert" and are for attorney time in the total amount of .9 hours and a charge of $150.00 which appears to be a cost which was mistakenly included in the section for attorneys' fees. *Id.* In her vaccine case, petitioner did submit a letter from one of her treating physicians, Dr. Lupo, (filed as Exhibit 7), but there are other entries showing charges related to that report. *Id.* at 4 (entries dated 4/11/14; 5/21/14). Thus, even if not related to petitioner's civil suit, petitioner has not provided enough information to explain these entries and show they were necessary for petitioner's vaccine claim. As such, the total amount of these entries (totaling $465.00)[13] would not be compensated in any event. *See. e.g., Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5-6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (deductions for vague, irrelevant, and excessive billing).

Respondent claims petitioner's counsel "spent 19.8 hours' [sic] time on tasks related to communication with Rite Aid pharmacy counsel and adjuster, research about Rite Aid pharmacy, licensing of pharmacist, and civil case law – unrelated to proceeding on the vaccine petition." Res. Response at 4. After reviewing the billing records submitted, the undersigned has designated only 10 hours and the $150.00 charge on May 5, 2014 which fall into this category (entries dated 4/19/13; 4/21/13; 2/26/14; 3/28/14; 4/23/14; 4/24/14; 5/2/14; 5/2/14; 5/5/14; 5/5/14 ($150.00 charge); 5/5/14;

---

[13] The first entry on May 5, 2014 is for .7 hours for "Correspondence to COM expert" ($245.00). 1st Attachment to Pet. Counsel's Affidavit at 4. The second entry is on May 5, 2014 is for "Advance Payment for COM expert" ($150.00). *Id.* The last entry on May 5, 2014 is for .2 hours for "Receipt & review of COM opinion" ($70.00). *Id.*

5/23/14; 5/27/14; 6/19/14; 6/20/14; 7/21/14; 7/22/14; 7/23/14; 7/30/14). There are entries prior to the filing of the petition which respondent may have included in her total, but the undersigned is reluctant to reduce the hours further. For example, the undersigned declines to subtract time for communications between petitioner's counsel and her client as it is too difficult to assess whether the communications could be viewed as part of the Vaccine Court proceedings. Likewise, the undersigned will not reduce the hours billed by petitioner's counsel to review petitioner's medical records, even though some of this work was performed well in advance of the petition filing date. Petitioner's counsel worked efficiently to collect and review these records which were filed in and equally valuable to the Vaccine Court proceeding.[14]

### 2. Research Regarding the Vaccine Act

Petitioner's counsel also billed 22.6 hours for general research related to the Vaccine Act and Program. *See* 1st Attachment to Pet. Counsel's Affidavit (entries dated 3/4/14; 3/5/14; 3/7/14; 3/16/14; 5/1/14; 5/2/14; 6/27/14; 7/21/14; 7/23/14; 7/24/14; 7/31/14; 7/31/14; 12/1/14). The full amount of this time should not be compensated as "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

In this case, however, petitioner's counsel was not only performing basic research regarding the Vaccine Act and Program but was also researching SIRVA, petitioner's particular injury. *See* Pet. Counsel's Affidavit at ¶ 21. Additionally, counsel has handled another SIRVA case since this one and did not bill for research in that case. See *Smith,* 2016 WL 3704925; *see also supra* note 12. Thus, the undersigned will compensate 8.0 hours of petitioner's counsel's time.

### 3. Secretarial Work

The last category to warrant a total reduction involves secretarial work. On two occasions, petitioner's counsel billed for payment of bills. 1st Attachment to Pet. Counsel's Affidavit at 7-8 (entries dated 4/17/15; 5/14/15). These entries total .4 hours.

It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other

---

[14] As discussed later, in Section IV.B.4, the undersigned did use a reduced rate, appropriate for paralegal work, such as records collection.

8

secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Thus, the .4 hours of time spent paying bills will not be compensated.

### 4. Paralegal Work

The undersigned will pay petitioner's counsel for work which could be performed by a paralegal but will do so at a reasonable rate for a paralegal, $100.00 per hour.

"Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

In this case, petitioner's counsel billed at her $350.00 hourly rate when obtaining color photographs, performing filings, and requesting medical records. *See* 1st Attachment to Pet. Counsel's Affidavit (entries dated 4/19/13; 4/19/13; 4/19/13; 2/17/14; 2/27/14; 2/27/14; 3/3/14; 3/20/14; 4/30/14; 12/23/14; 12/30/14; 12/30/14; 1/5/15; 1/6/15; 4/14/15; 5/8/15; 5/17/15; 5/19/15; 5/21/15; 9/11/15; 9/14/15; 9/17/15; 1/14/16; 1/20/16).[15] Petitioner's counsel is paid at her attorney rate for the review of the medical records, but requesting the records is not a task which requires an attorney's expertise. *Compare id.* at 8 (entry dated 5/17/14) *with id.* at 2 (entry dated 5/21/13).

A review of the billing records reveals a total of 6.8 hours involving tasks which could be performed by a paralegal. These hours will be compensated at a rate of $100.00 per hour. The undersigned will pay $680 for this work rather than the $2,380.00 sought by petitioner.

### C. Lack of Documentation of Costs

Respondent argues that petitioner should not be paid for costs for which she has not submitted a receipt, and the undersigned agrees. The total amount of attorneys' costs requested ($1,156.20) is reduced by the following amounts: $27.14 (entry dated 2/27/14); $22.11 (entry dated 3/10/14); $34.19 (entry dated 4/17/15); $59.53 (entry dated 5/19/15). *Id.* at 10. The total amount of the reduction equals $142.97.

### D. Summary of Findings

The undersigned finds the hourly rate requested by petitioner's counsel ($350.00) to be reasonable given her experience and quality of work. However, the number of hours to be compensated are reduced by 25 hours. The billing records show

---

[15] There is an additional entry for .2 hours on 12/30/15 which would have been paid at the paralegal rate but petitioner's counsel did not bill for that time. 1st Attachment to Pet. Counsel's Affidavit at 9.

9

petitioner's counsel spent 10 hours on work related solely to petitioner's earlier civil suit. Two entries, totaling .4 hours, are more properly categorized as secretarial work. Counsel also spent 22.6 hours performing basic research regarding the Vaccine Act and Program. Only 8 of these hours will be compensated. Additionally, the undersigned finds that a portion of the hours billed (6.8 hours) are for work that could be performed by a paralegal. Those hours will be compensated at a rate appropriate for a paralegal ($100.00). Finally, the undersigned further reduces the amount of attorneys' fees requested by $150.00 which appears to be a cost related to petitioner's earlier civil suit which lacks documentation and was mistakenly included in the section for attorneys' fees.

Because four items listed in the costs section of the billing records submitted lack any supporting documentation, the undersigned also finds it is not appropriate to reimburse petitioner's counsel for those costs.

Thus, the total amount of attorneys' fees sought is reduced by $10,600.00 and **$14,505.00** is awarded for attorneys' fees. The total amount of attorneys' costs is reduced by $142.97, leaving a total of **$1,013.23** to be paid for attorneys' costs. The total amount deducted from the $26,261.20 sought for attorneys' fees and costs is $10,742.97. Thus, the total amount paid for attorneys' fees and costs is **$15,518.23**.

The specific reductions are as follows:

**Attorneys' Fees:**

| Category of Hours | Hours Sought | Hours Paid | Rate Sought | Rate Paid | Amount Deducted | Amount Paid |
|---|---|---|---|---|---|---|
| Work on Civil Action | 10 | 0.0 | $350 | N/A | $3,500.00 | $0.00 |
| and Cost | | | none | | $150.00 | $0.00 |
| Vaccine Act Research | 22.6 | 8.0 | $350 | N/A | $5,110.00 | $2,800.00 |
| Secretarial/Overhead | 0.4 | 0.0 | $350 | N/A | $140.00 | $0.00 |
| Paralegal Work | 6.8 | 6.8 | $350 | $100 | $1,700.00 | $680.00 |
| Attorney Work | 31.5 | 31.5 | $350 | $350 | $0.00 | $11,025.00 |
| | | | | | | |
| **Total for Fees** | 71.3 | 46.3 | | | $10,600.00 | **$14,505.00** |

**Attorneys' Costs:**

| Description | | | | | Amount Deducted | Amount Paid |
|---|---|---|---|---|---|---|
| 4 Cost Items Lacking Documentation | | | | | $142.97 | $0.00 |
| Other Costs | | | | | $0.00 | $1,013.23 |
| **Total for Costs** | | | | | $142.97 | **$1,013.23** |

### V. Conclusion

The undersigned awards **$14,505.00** in attorneys' fees and **$1,013.23 in attorneys' costs for a total award of $ 15,518.23[16] payable jointly to petitioner and petitioner's counsel Laurie C. Tewinkle.**

The clerk of the court shall enter judgment in accordance herewith.[17]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[16] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[17] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.